## *In re* WHITTEMORE'S ESTATE.

(*Supreme Court, General Term, Second Department.* May 11, 1891.)

WILLS—CONSTRUCTION—DURATION OF ESTATE.

　　Testator bequeathed one-half of the income of his estate during the life of his wife to his children, with a provision that if any of them should die before the death of himself or his wife, leaving children, the portion of the parent should be paid to them. J., one of testator's children, died childless during the life-time of testator's widow. *Held*, that the bequest to testator's children was absolute, and vested immediately upon his death, subject to be divested by the death of the legatee, leaving children; and that the will of J., dying childless, disposing of said bequest, was valid.

Appeal from surrogate's court, Kings county.

Judicial settlement of the accounts of Fielding L. Whittemore, as executor and trustee of John M. Whittemore, deceased. The special guardian of an infant, Virginia W. Green, appeals from so much of the decree of the surrogate as adjudges that the legal representatives of John M. Whittemore, Jr., a son of the decedent, are entitled to one-twelfth of the net income of the estate of John M. Whittemore, Sr. John M. Whittemore, Sr., after devising one-half of the income of his estate to his wife, further provided in his will that his executors "shall pay to each of my children, during the life-time of my said wife, in equal proportions, the remaining one-half net yearly income of my estate, in half-yearly payments," etc. "And if any of such children die before me, or before the decease of my said wife, leaving a child or children him, her, or them surviving, in such case to apply to the use of such child or children such share or proportion of such one-half net yearly income * * * as his, her, their parents would have been entitled to if living." John M. Whittemore, Jr., died childless during the life-time of testator's widow, leaving a will bequeathing his interest under testator's will. For former report, see 9 N. Y. Supp. 296.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Howard R. Bayne,* for appellant. *Henry W. Gaines,* (*De Witt C. Brown,* of counsel,) for respondents.

BARNARD, P. J. The inventory shows a large estate. The trustees rented an office in New York for $400 a year, half of which was charged against the estate and allowed. The estate was wholly personal, and there is no dispute as to the facts. The charge was fair therefor in amount, and it was just that the estate should pay the amount allowed. The compromise with the Simonds Manufacturing Company was right. An application to the surrogate for leave to compromise would have been the safest way, but the other creditors of the company all took the same proportion in their several claims. The scrip in question was not considered of full value when the inventory was taken, as no price was put upon it by the appraisers. The executors acted under the advice of counsel, and the surrogate gives his approval to the settlement by the decree itself. He states in his opinion that, if the case made had been presented to him before the compromise, he would have granted his approval. The testator gave one-half of the income of his estate to his widow for life, and the remainder of the income either directly to, or to be applied for the benefit of, his five children. John M. Whittemore, Jr., was one of these children, and he died while his mother's life-estate was outstanding. The will gave an absolute gift to her of one-fifth of the *corpus* of

the estate after the life-estate was ended. The will contained a clause that if any of his children should die before the testator, or before the decease of his said wife, the net income of his share should go to surviving children. John M. Whittemore, Jr., died childless, leaving a will by which all his estate was disposed of. The gift of the residue of the estate was absolute, and not contingent. It vested upon the death of the testator. The gift of the one-fifth of the income during the mother's life was also absolute, and vested at once. It was liable to divest if he died leaving children. This event did not happen. John M. Whittemore, Jr., died with a full title to one-fifth of the entire estate, with the right of the testator's widow to have one-half of the income therefrom during her life. It follows that the appellant has no interest in the income on John M. Whittemore, Jr.'s, share during the widow's life. If John M. Whittemore, Jr., had lived, he would have taken the income. If he had died leaving children, they would take the income on the father's fifth. If he died without child or children, the right to the income during the widow's life would attach to the title to the legacy itself, and that passed by the will of John M. Whittemore, Jr. The decree of the surrogate should therefore be affirmed, with costs. All concur.